UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALBERT WALKER, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | Case No: 4:13CV2422HEA |
| JAY CASSADY, | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] on November 27, 2013. On May 12, 2013 Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 29]. Petitioner has filed his Traverse Response to Respondent's Response to Show Cause [Doc. 33]. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. Petitioner's Motion for Evidentiary Hearing, [Doc. 34], is therefore denied. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## Procedural Background

On August 23, 2007, Petitioner was convicted by jury of first-degree burglary, stealing, and resisting arrest. The Circuit Court in Saint Charles County, on October 12, 2007, sentenced Petitioner to two sets of concurrent terms totaling fifteen years imprisonment and each concurrent term to run consecutively for a total of thirty years imprisonment in the Missouri Department of Corrections. The Missouri Court of Appeals, Eastern District of Missouri, affirmed the convictions. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion for post-conviction relief, pursuant to Rule 29.15, relative the case on May 6, 2000. Thereafter, on June 6, 2011, the Missouri state trial court entered findings of fact and conclusions of law denying the post-conviction relief motion of Petitioner. Petitioner, on July 22, 2011, filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the trial court and issued its mandate on March 26, 2013.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on November 27, 2013. Petitioner alleges eleven claims for relief, three of which contain sub-claims. He raises twelve allegations of ineffective assistance of counsel (grounds one a, one b, two a, three, four, five, six a, six b, seven, eight, nine, and eleven), and two allegations of court error (grounds two b, and ten).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the

> U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas

4

court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Procedural Default**

In order to preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or during post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 144, 149 (8th Cir. 1996). Federal habeas review of a claim is barred where a prisoner has defaulted his federal claims in a state court under an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Failing to raise claims on appeal is such a state procedural rule. *Coleman*, 501 U.S. at 750. State procedural rules are adequate and independent state grounds when they are firmly established and regularly followed. *Oxford v. Delo*, 59 F.3d 741, 746 (8th Cir. 1995) (internal citations omitted).

**Discussion**

Petitioner presents eleven claims for relief in his petition, and a total of thirteen allegations. Ten of the allegations are assertions that Petitioner received ineffective assistance of counsel. However, the record before this court demonstrates that he only presented six claims of ineffective assistance of counsel to the Missouri Court of Appeals: failure to timely file a motion to suppress an

5

identification (claim one), failure to strike venireperson Wilhelm (claim two), failure to impeach Officer Branch (claim three), failure to object to prior and persistent offender designation (claim four), appellate counsel's failure to raise a claim that the trial court improperly sentenced Petitioner (claim five), and failure to call an expert witness (claim six a). As a result, he did not present claims one, six b, seven, eight, nine, or eleven to the Missouri Court of Appeals. The failure to present a claim to the Missouri Court of Appeals is a procedural default because it deprives the Missouri courts of one full, fair opportunity to review the claims. *Sweet v. Delo*, 125 F.3d 144, 149 (8th Cir. 1996). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. *Id*. at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)). Where a prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, such as failing to raise claims on appeal, federal habeas review of the claims is barred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has clearly defaulted claims one a, six b, seven, eight, nine, and eleven.

## The Claims

**Was Trial Counsel Ineffective for Failing to Timely File a Motion to Suppress?**

Petitioner asserts trial counsel was ineffective for failing to timely file a suppression motion. This claim was raised before the Missouri Court of Appeals, which reasonably determined the claim in light of applicable federal law.

The Missouri Court of Appeals held:

> The decision to file a motion to suppress is a matter of trial Strategy and allegations of ineffective assistance of counsel relating to matters of trial strategy do not provide a basis for post-conviction relief. *Stubenrouch v. State*, 752 S.W.2d 327, 328 (Mo. App. E.D. 1988). Here, trial counsel testified that his trial strategy was to cross-examine Wohldman and point out the inadequacy of his identification because filing a motion to suppress his identification would have been unsuccessful. Forgoing a motion to suppress that is unlikely to succeed in favor of eliciting negative evidence against the State is a reasonable trial strategy. *Id*. Thus, Movant has failed to overcome the strong presumption that trial counsel's conduct falls within the wide range of professionally reasonable trial strategy.
>
> Assuming, *arguendo*, that a motion to suppress Wohldman's identification of Movant would have been successful; Movant did not prove there was a reasonable probability that the verdict would have been different if Wohldman's identification of Movant had been suppressed. There is no evidence that the police officers conducted an impermissibly suggestive show-up procedure or that Wohldman was pressured into identifying Movant as burglar. Further, the DNA evidence was overwhelming. There is no reasonable probability that the verdict would have been different. As such, the motion court did not clearly err in denying Movant's post-conviction motion. Point one is denied.

Resp't Ex. L, 5–6. This determination by the Missouri Court of Appeals is reasonable and entitled to deference under §2254(d). The Court of Appeals properly identified that *Strickland* governed this claim, properly applied *Strickland*,

and its analysis was not contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

At the 29.15 hearing trial counsel testified he believed the suppression claim was "borderline" and that he had a better chance of attacking the identification on cross-examination. A finding of deficient performance under *Strickland* requires that counsel's decision must be so erroneous that counsel is not acting as the counsel required by the Sixth Amendment. *Strickland*, 466 U.S. 668, 687 (1984). Additionally, courts must presume that the challenged action falls within the wide range of professional assistance, and view the challenged choice through the eyes of counsel *at the time* counsel made the decision. *Id*. at 689. Considering that perspective, the record is devoid of any evidence that counsel's decision to pursue cross-examination rather than a motion to suppress is anything but a reasonable choice. There is no ineffective assistance of counsel on this claim.

**Was Counsel Ineffective for Failing to Investigate the Identification—Procedurally Defaulted?**

Petitioner alleges that trial counsel was ineffective for failing to properly investigate the identification and introduce prior inconsistent statements, and then mount a defense around that investigation.

In order to perfect a claim such as this Petitioner must show what information would be obtained with investigation and whether additional investigation would have produced a different result. *Chambers v. Armontrout*, 907

8

F.2d 825, 835 (8th Cir. 1990) (quoting *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987)). He makes no allegation that additional information would have been uncovered through additional investigation, but instead asserts that trial counsel had access to prior inconsistant statements of Wohldman, who identified Petitioner. Respondent rightly suggests, therefore, that the claim is actually a claim of failure to impeach witness Wohldman. The record demonstrates that trial counsel did cross-examine the witness. Trial counsel examined on the show-up and the inability of the witness to identify or specify the race or facial features of the burglar.

Conducting cross-examination is one of trial strategy. *United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011). A failure to impeach constitutes ineffective assistance when there is a reasonable probability that, absent counsel's failure, the jury would have had reasonable doubt of the petitioner's guilt. *Id*. at 1018 (citing *Driscoll*, 71 F.3d at 711). *United States v. Orr*, 636 F.3d at 952. Counsel cross-examined the witness based upon all the factors on the table at the time. Failing to impeach in the manner that Petitioner would now like it to be done is not ineffective assistance of counsel. There is no reasonable probability that, but for the way counsel impeached Wohldman, a jury would have found Petitioner not guilty. He has failed to demonstrate prejudice under *Strickland*.

**Was Trial Counsel Ineffective for Failing to Question Juror Number Nine?**

9

Petitioner alleges that trial counsel was ineffective for failing to question venireperson Wilhelm in order to remove him for cause. Wilhelm became juror number nine. Petitioner presented this claim to the Missouri Court of Appeals. The Missouri Appellate Court considered this claim, and held:

> In his second point on appeal, Movant contends the motion court clearly erred because trial counsel was ineffective for failing to strike venireperson George Wilhelm (Wilhelm). We disagree.
>
> "The decision to strike a venireperson is generally a matter of trial strategy." *Boyd v. State*, 86 S.W.3d 153, 158 (Mo. App. E.D. 2002). "It must clearly appear from the evidence that the challenged venireperson was in fact prejudiced." *State v. Walton*, 796 S.W.2d 374, 377 (Mo. banc 1990). To find counsel's performance deficient for failing to strike a juror, the likelihood of the trial court granting the motion must be shown to a reasonable probability; counsel is not deficient for failing to do a futile act. *Pearson v. State*, 280 S.W.3d 640, 647 (Mo. App. E.D. 2009); *Edgar v. State*, 145 S.W.3d 458, 462 (Mo. App. W.D. 2004).
>
> Here, the record demonstrates Wilhelm unequivocally stated that he would remain impartial throughout the trial, despite being the victim of a burglary. He also indicated that he did not believe that his experience would cause him to be biased towards one party. Thus, trial counsel's decision not to strike Wilhelm was reasonable trial strategy. Point two is denied.

Resp't Ex. L, 6–7. Counsel's conclusion is supported by the entirety of the record. Counsel testified at the 29.15 hearing and the testimony led the Missouri Court of Appeals to conclude counsel would not have been able to strike the venireperson . The Appeals Court properly applied *Strickland* and, therefore, its analysis was not contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

The Petitoner must show that if counsel had struck the venireman, the result of his trial would have been different. *Goeders v. Hundley*, 59 F.3d 73, 75 (8th Cir. 1995); *Young v. Bowersox*, 161 F.3d 1156, 1159 (8th Cir. 1998). The record belies his ability to do so in this regard. He asserts that the venireman had bias against him. However, he must demonstrate actual bias, not implied bias. *Id*. at 75–76. Petitioner here cannot demonstrate actual bias. The testimony during *voir dire* indicates the venireman was not biased. *See* Resp'ts Ex. A, 338. Petitioner cannot demonstrate a reasonable probability the outcome of his trial would have been different without the juror sitting on the jury.

**Did The Trial Court Commit Error by Failing to *sua sponte* Question Juror Number Nine?**

Petitioner asserts the trial court committed error when it failed to *sua sponte* question juror number nine. There are no cases that suggest a proposition that the trial court has a duty to *sua sponte* inquire into bias of venirepersons. This claim is essentially like the previous assertion and therefore it must fail as well. There is no evidence of bias in the record. The record, in fact, supports that the venireman was not biased.

**Was Trial Counsel Ineffective for Failing to Impeach Officer Branch?**

The Petitioner here alleges that trial counsel was ineffective for failing to impeach Officer Branch at trial. The Missouri Court of Appeals considered this claim and reasonably determined that trial counsel was not ineffective because

11

Petitioner failed to show any inconsistent statements, and therefore nothing in the record suggested counsel could have rendered deficient performance. The Missouri Court of Appeals also concluded that he could not demonstrate prejudice. Petitioner cannot demonstrate, by clear and convincing evidence, that the Missouri Court of Appeals' decision is an unreasonable application of federal law. As such, the decision is entitled to deference and will not be disturbed under prevailing authority. The decision is not demonstrated as " contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

**Was Trial Counsel Ineffective for Failing to File a Motion Under Missouri Supreme Court Rule 29.07(d)?**

This Claim was presented to the Missouri Court of Appeals. The Appellate Court denied the claim, holding:

> In his fourth point on appeal, Movant contends the motion court clearly erred because trial counsel was ineffective for failing to object to the prior and persistent offender designation. We disagree.
>
> "The majority rule, followed by Missouri, is that a person being prosecuted as a second offender may not raise questions of mere error in the former conviction" to prevent the use of a repeat offender sentencing provision. *State v. Quinn*, 594 S.W.3d 599, 602 (Mo. banc 1980).
>
> Trial counsel was not ineffective for failing to raise the issue of Movant's underlying conviction for attempted rape because it was not the proper venue for such an objection. Movant does not get to re-litigate his prior guilty plea or the veracity of the facts. It is sufficient for the State to

> provide a certified properly authenticated copy of records of a defendant's prior conviction to meet the burden of proving Movant a prior and persistent offender under Section 558.021.2 RSMo. *State v. Page*, 309 S.W.3d 368, 373 (Mo. App. E.D. 2010). The Court can only look to the four corners of the certified documents presented to it. As such, we affirm the motion court's ruling. Point four is denied.

Resp't Ex. I, 8–9.

The review of this claim related strictly to the application of state law. As such, the consideration of this claim for purposes of granting relief necessarily involves this court to disagree with a state court in the application of its own law. This, the court cannot do. *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994); *see also Gee v. Groose*, 110 F.3d 1346, 1351–52 (8th Cir 1997). This claim is, therefore, rejected and denied.

**Was Appellate Counsel Ineffective for Failing to Raise a Claim about Sentencing?**

Petitioner asserts that appellate counsel was ineffective for failing to raise a claim that the trial court committed error when it sentenced Petitioner without considering his claim of actual innocence to a prior conviction. This claim was presented to the Court of Appeals for the State of Missouri. The Court of Appeals noted:

> Here, appellate counsel testified she was aware of Movant's desire to contest his underlying conviction. Appellate counsel testified she did not raise this claim because this Court was not the appropriate avenue for raising such a claim. Appellate counsel also testified that she rejected this issue because she found it meritless and, on appeal, proceeded to argue Movant's stronger issues.

13

Counsel is not ineffective for failing to raise meritless claims. *State v. Taylor*, 831 S.W.2d 266, 272 (Mo. App. E.D. 1992). We find Appellate counsel made a strategic decision not to raise a meritless claim on appeal since this Court is not the proper avenue for raising this matter. Therefore, Movant has failed to demonstrate how appellate counsel's representation fell below the objective standard of reasonableness.

Point five is denied.

Resp. Ex. G, 9. Petitioner has not demonstrated by clear and convincing evidence, that the Missouri Court of Appeals' decision is an unreasonable application of federal law. It is reasonable and entitled to deference. The claim is denied.

There is no evidence that appellate counsel's decision was so constitutionally deficient that she was not acting as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 697. There was no reasonable probability that, if appellate counsel had raised this claim, then relief would have been granted.

**Was Trial Counsel Ineffective for Failing to Call a Shoe-print Expert?**

This claim was considered by the Missouri Court of Appeals which denied relief, holding:

> The choice of witnesses and defense tactics are matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Young v. State*, 761 S.W.2d 725, 728 (Mo. App. E.D. 1988). Movant has the burden of proving that the witnesses could have been located through reasonable investigation, would have testified, and the testimony would have provided a viable defense. *Id.*
>
> Here, Movant merely list names of potential expert witnesses but

> failed to allege the subject matter of their testimony. He also failed to allege that any of these witnesses would have been available and willing to testify. Nor did Movant claim that he informed trial counsel of the existence of these witnesses. At the evidentiary hearing, trial counsel testified that he was unaware of any expert witnesses who could make a scientific finding as to whether Appellant's shoes match the blue mark found at the Clark residence by looking at two photographs.
>
> Assuming *arguendo* that an expert witness would have testified the blue streak on the wall did not match Movant's shoes, it would not have provided Movant with a viable defense. The similarities in the two burglaries and the stolen items found in his possession were overwhelming evidence of Movant's guilt. Therefore, we find trial counsel's strategy reasonable and the motion court's findings of fact and conclusions of law not clearly erroneous. Point six is denied.

Resp't Ex. L, 10. This was a reasonable application of the law, is supported by the record, and the claim receives the deference it is entitled under §2254(d). The claim is denied.

**Was Post-conviction Relief Counsel Ineffective for Failing to Call a Shoe-print Expert?**

There is a very fundamental deficiency in this claim put forward by Petitioner. This claim is not cognizable in federal habeas review because there is no constitutional right to effective assistance of post-conviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."). Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. *Simpson v. Norris*, 490 F.3d. 1029, 1033 (8th Cir. 2007), *citing Wainwright v. Torna*, 455 U.S.

586, 587–588 (1980). AEDPA also explicitly declares such claims are not cognizable. *See* 28 U.S.C. § 2254(i). This claim is therefore denied.

**Is there merit in the procedurally-defaulted claim that trial counsel was ineffective for failing to impeach witness Wood?**

Petitioner alleges that trial counsel was ineffective for failing to impeach witness Wood with contradictory evidence about the timeline. Petitioner cannot demonstrate prejudice. The record is replete with evidence that nullifies any impact the testimony would have had and clearly indicates the absence of an impact on the outcome of the trial. Therefore, he was not prejudiced by trial counsel's actions, under *Strickland*, 466 U.S. at 697.Therefore, habeas relief on this claim is denied.

**Is There Merit in The Claim that trial counsel was ineffective for giving a perjured, unsuccessful opening statement?**

Complaints about trial-counsel's opening statement are reviewed under *Strickland*. *Abernathy v. Hobbs*, 2014 WL 1378305, *4 (8th Cir. Apr. 9, 2014). Petitioner cannot demonstrate the prejudice necessary to grant relief. Jurors are presumed to follow the law, including instructions by the judge. *United States v. Gardner*, 396 F.3d 987, 993 (8th Cir. 2005). The trial court instructed the jurors that opening statements are not evidence. Petitioner procedurally defaulted this ground, and he cannot demonstrate prejudice. The claim is denied.

**Is there Merit to the Claim that Trial Counsel was Ineffective for Preventing Petitioner from Testifying?**

Petitioner alleges that he chose not to testify as the result of being misled by counsel into thinking that counsel would present prior inconsistent statements and otherwise attack the identification. He asserts that he was unsatisfied with his representation and that if he had testified he could have corrected the errors of trial counsel. Under *Strickland,* this is not a claim for ineffective assistance of counsel. There clearly is no merit to this procedurally defaulted claim.

**Did the Post-conviction Relief Court Commit Error in its Ruling?**

Such a claim is not cognizable since a state is the highest authority on its own law. *McDonald v. Bowersox*, 101 F.3d 588, 592 (8th Cir. 1996) (holding a federal habeas court may not re-examine a state court's interpretation and application of state law) *quoting Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994); *see also Gee v. Groose*, 110 F.3d 1346, 1351–52 (8th Cir 1997). This procedurally –defaulted claim is without merit and is denied.

**Was Trial Counsel Ineffective for Failing to Call an Eye-witness Expert?**

Such claims clearly are within the ambit of *Strickland*. As such, "[a] claim of ineffective assistance based on the failure to consult and call an expert requires 'evidence of what a scientific expert would have stated' at trial in order to establish Strickland prejudice." *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010), *quoting Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Petitioner states the expert would testify from a list of conclusions. Such a listing does meet

the standard of *Rodela-Aguilar* and *Quarterman*, since it is merely a summary. He has failed to demonstrate any prejudice in this regard.

## Conclusion

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*,

297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 20th day of January, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE